UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD AMAN ATAIE,

Plaintiff,

v.

DEPINDENCE OF THE UNITED STATES,

Defendant.

Case No.: 26-cv-03909-DMS-GC

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

On July 8, 2026, Plaintiff Mohammad Aman Ataie, proceeding *pro se*, filed this action against "Depindence of the United States." (ECF No. 1). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motion") and a Motion to Appoint Counsel, which are currently pending before the Court. (*IFP* Mot., ECF No. 2; ECF No. 3).[1] For the following reasons, the Court denies Plaintiff's *IFP* Motion and dismisses the action without prejudice.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

[1] As the Complaint is dismissed, Plaintiff's Motion to Appoint Counsel is **DENIED AS MOOT**. (ECF No. 3)

of $405. 28 U.S.C. § 1914(a)–(b).[2] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (*IFP* Mot. 1). The form instructs the affiant to "[c]omplete all questions" and not to "leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*Id.*). Plaintiff has submitted only the first three of the form's five pages, leaving unanswered questions about his monthly expenses, expected changes to income, and amounts spent in connection with this lawsuit. (*Id.* at 1–3). Furthermore, the application contains inconsistent figures, such as listing average monthly employment income as $950 but stating that Plaintiff's gross pay was $2,500 per month from July 5, 2022 to present. (*Id.* at 1–2). The missing answers are required pursuant to the Local Rules and their absence leaves the Court unable to properly assess Plaintiff's inability to pay fees. *See* CivLR 3.2(a) (listing required information including the answers to questions Plaintiff omitted).

## II. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, this action is **DISMISSED** without prejudice. Within thirty (30) days of the issuance of this Order, Plaintiff may file a renewed motion with complete information about his economic status or pay the $405 filing fee. If Plaintiff does neither,

---

[2] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

the Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge